UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| AMERICAN GREAT LAKES PORTS ASSOCIATION, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-1019 (RC) |
| | : | | |
| v. | : | Re Document No.: | 46 |
| | : | | |
| ADMIRAL PAUL F. ZUKUNFT,[1] | : | | |
| *Commandant, United States Coast Guard, et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR FEES AND EXPENSES

### I. INTRODUCTION

Plaintiffs, representatives of the commercial shipping community, brought suit against Admiral Paul F. Zukunft in his official capacity as Commandant, United States Coast Guard and the United States Coast Guard (collectively, "Defendants") challenging Defendants' 2016 Rulemaking setting pilotage rates in the Great Lakes as arbitrary and capricious. After determining that Defendants acted arbitrarily and capriciously in two ways, this Court remanded the rule to the Coast Guard without vacatur, and the Court of Appeals affirmed. Petitioner, the Shipping Federation of Canada ("Plaintiff" or "Plaintiff SFC")—one of the original plaintiffs— now seeks an award of attorney's fees, expenses, and costs incurred in litigation under the Equal Access to Justice Act, 28 U.S.C § 2412(d)(1)(a). Because the Court finds that Plaintiff was not a prevailing party, the Court denies Plaintiff's Motion for Fees and Expenses.

---

[1] On June 1, 2018, Admiral Karl L. Schultz replaced Admiral Zukunft as Commandant of the United States Coast Guard.

## II. FACTUAL BACKGROUND

The Court presumes familiarity with its prior Opinions. *See Am. Great Lakes Ports Ass'n v. Zukunft*, 296 F. Supp. 3d 27 (D.D.C. 2017) ("*Great Lakes I*"), ECF No. 34 (determining compliance with APA); *Am. Great Lakes Ports Ass'n v. Zukunft*, 301 F. Supp. 3d 99 (D.D.C. 2018) ("*Great Lakes II*"), ECF No. 41 (determining remedy). Accordingly, this Opinion will only describe the facts and allegations relevant to the pending motion.

Plaintiff filed suit against Defendants in 2016, seeking review of the Coast Guard's 2016 Rulemaking under the Administrative Procedure Act ("APA"). *See* Compl. ¶ 1, ECF No. 1. Specifically, Plaintiff challenged the methodology used to calculate Great Lakes pilotage rates for the 2016 navigation season. *Id.* ¶¶ 1–5. Of the five arguments that Plaintiff advanced, the Court found two to be meritorious at the liability phase of litigation. *See Great Lakes I*, 296 F. Supp. 3d at 56.

First, the Court held that Defendants failed to engage in reasoned decision-making when they imposed a ten-percent increase to Great Lakes pilots' benchmark compensation rate. *Id.* at 46–48. Rather than relying on proposals, data, and analysis submitted by commenters, the Coast Guard used the Canadian compensation rate as a benchmark and increased it by ten-percent, a methodology that came from unidentified comments during a Great Lakes Pilotage Advisory Committee (GLPAC) meeting. *Id.* Finding the ten-percent increase "entirely detached from any data or analysis," the Court held that Defendants "arrived at the ten-percent adjustment without engaging in reasoned decision-making, and therefore [the] decision was arbitrary and capricious in violation of the APA." *Id.* at 47–48.

Second, the Court found that Defendants failed to adequately consider the impact of weighting factors on anticipated revenues.[2] *Id.* at 52. Although commenters suggested that the Coast Guard consider weighting-factors, the Coast Guard "declined to even consider the issue," even though it recognized the "potential merit" to the suggestion. *Id*. at 52. The Court reasoned that rational decision-making "requires giving present consideration to important aspects of problems—not merely promising to consider those matters at some point *in the future*." *Id*. (emphasis in original). The failure to consider weighting factors was arbitrary and capricious, as weighting factors "represent[] an important aspect of the revenue streams that [the Coast Guard] was attempting to estimate." *Id*. (internal quotations omitted).

Vacatur is the typical remedy for arbitrary and capricious agency action. *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.C. Cir. 2001). Courts in this Circuit have held, however, that "inadequately supported rule[s] need not necessarily be vacated." *Great Lakes II*, 301 F. Supp 3d. at 103 (quoting *Allied-Signal, Inc. v. U.S. Nuclear Reg. Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993). Finding that vacatur would create significantly disruptive consequences for the shipping industry, the Court held that "the appropriate remedy is to remand the matter to the Coast Guard and for the Coast Guard to evaluate and justify an appropriate adjustment to benchmark compensation for its ratemaking methodology going forward." *Id.* at 105. On appeal, the Court of Appeals affirmed the decision in full. *Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510, 520 (D.C. Cir. 2020) ("*Great Lakes III*").

Before the Court is Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act. *See* Pet. of Pl. for Attorney's Fees & Expenses ("Pl.'s Mot.") at 2, ECF

---

[2] "A weighting factor is a value ranging from 1.0 to 1.45 that corresponds with the size of a given vessel based on its length, breadth, and depth." *Great Lakes I*, 296 F. Supp. 3d at 48.

No. 46.  Defendants oppose this motion.  *See* Defs.' Opp'n to Pl.'s Mot. for Attorney's Fees & Other Expenses ("Defs.' Opp'n"), ECF No. 53.  Three Intervenors also oppose Plaintiff's motion for fees and expenses.  *See* Opp'n of Def.-Intervenors to Pet.'s Request for an Award of Fees & Costs, ECF No. 55.[3]  Defendant-Intervenors are non-governmental entities and are not liable for the costs requested.  *Id.* at 1–2.  The arguments they present reflect the arguments posed by Defendants, and therefore the Court will address these arguments through discussion of Defendant's positions.  The motion is fully briefed and ripe for decision.

### III.  ANALYSIS

#### A.  Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA") allows a plaintiff "to obtain expenses in litigation against the federal government" when certain circumstances are met.  *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005).  The EAJA provides that:

> [A] court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency. . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a)(1), (d)(1)(A).  A claimant must meet four conditions to be eligible for an award under the EAJA: "(1) that the claimant be a 'prevailing party'; (2) that the government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) that pursuant to 28 U.S.C. § 2412(d)(2)(B), plaintiffs satisfy all of the EAJA's threshold eligibility requirements."  *Ctr. for Food Safety v. Burwell*, 126 F. Supp. 3d

---

[3] Defendant-Intervenors are three associations of Great Lakes pilots whose rates the original Plaintiffs challenged—St. Lawrence Seaway Pilots Association, Lakes Pilots Association, Inc., and Western Great Lakes Pilots Association, LL.  Defendant-Intervenors filed identical briefs located in the record at ECF Nos. 55 and 56.

114, 119 (D.D.C. 2015) (quoting *Ass'n of Am. Physicians & Surgeons, Inc. v. U.S. Food & Drug Admin.*, 391 F. Supp. 2d 171, 175 (D.D.C. 2005)).

### 1.  Plaintiff is Not a Prevailing Party

The Supreme Court has held that a prevailing party "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 603 (2001).  The D.C. Circuit has set out a three-factor test, holding that a litigant is a prevailing party when "(1) there [is] a court ordered change in the legal relationship of the parties; (2) the judgment [is] in favor of the party seeking the fees; and (3) the judicial pronouncement [is] accompanied by judicial relief." *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 36 (D.C. Cir. 2016); *see also Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003).

Plaintiff contends that it is the prevailing party because it succeeded on the merits of two claims, the weighting factor issue and the benchmark compensation issue.  *See* Pl.'s Mot. at 8.  Defendants claim that Plaintiff has not prevailed on any claims because Plaintiff did not obtain its requested relief.  *See* Defs.' Mot. at 7.  The Court agrees that Plaintiff is not a prevailing party because Plaintiff did not obtain relief at the remedy phase of litigation and thus fails to satisfy the third factor of the prevailing-party test.

#### a. *Plaintiff Obtained a Court Ordered Change in the Legal Relationship of the Parties with Regard to One Claim*

Under the first factor of the prevailing party analysis, a party must show a court-ordered change in the legal relationship of the parties.  *See Thomas*, 330 F.3d at 492–93.  This factor cannot be fulfilled as a result of another party's voluntary change in conduct.  *See Buckhannon*, 532 U.S. at 605 ("a defendant's voluntary change in conduct . . . lacks the necessary judicial

*imprimatur* on the change") (emphasis in original); *True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-cv-734, 2019 WL 2304659 at *5 (D.D.C. 2019) (finding plaintiffs achieved court ordered change in relationship when terms of agreement were formalized in Consent Order); *Burwell*, 126 F. Supp. 3d at 120.  For a court order to sufficiently alter the legal relationship of parties, the order must require a concrete action, or cessation of an action, on the part of the non-prevailing party.  *Thomas*, 330 F.3d at 494.  A remand can fulfill this factor and sufficiently alter the legal relationship of the parties when a petitioner "secures a remand terminating the case and requiring further administrative proceedings in light of agency error . . . [even] without regard to the outcome on remand."  *SecurityPoint*, 836 F.3d at 39.  Additionally, an order "requir[ing] an agency to fulfill its existing legal obligations" that an uncooperative agency had previously sought to avoid also constitutes a "court-ordered change in the legal relationship between the plaintiff and defendant."  *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 195 (D.C. Cir. 2007) (citing *Buckhannon*, 532 U.S. at 604).

    Plaintiff achieved a court-ordered change in the legal relationship with regard only to the benchmark compensation issue.  The Court found that Defendant violated the APA by failing to consider weighting factors and failing to provide a reasoned decision behind its ten-percent benchmark increase.  *Great Lakes II*, 301 F. Supp. 3d at 102–103.  The Court did not, however, vacate the 2016 rulemaking and did not order the Coast Guard to reimburse ship owners for charges under the 2016 rate.  *Great Lakes II*, 301 F. Supp. 3d at 102–05.[4]  Recognizing the likely disruptive consequences posed by vacatur, the Court instead remanded the matter, ordering Defendants to better justify and evaluate their ratemaking decisions moving forward.  *Great*

---

[4] On appeal, the Circuit Court agreed that vacating the rule and requiring reimbursement would be "an invitation to chaos."  *Great Lakes III*, 962 F.3d at 519 (quoting *Sugar Cane Growers v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002)).

*Lakes II*, 301 F. Supp. 3d at 105.  This forward-looking remand, even without vacatur, constitutes a court-ordered change in relationship because it required further administrative proceedings in light of agency error, *SecurityPoint*, 836 F.3d at 39, and because it required the Coast Guard to fulfill its existing obligations under the APA, *see Campaign for Responsible Transplantation*, 511 F.3d at 195.

Defendants do, however, correctly assert that Plaintiff obtained no court-ordered change in relationship with regard to the weighting-factor issue despite the court-ordered remand.  Defs.' Opp'n at 3.  Prior to the *Great Lakes I* decision, the Coast Guard had *already* incorporated consideration of weighting-factors into its 2017 pilotage rates.  *See* Defs.' Mot. at 11 (emphasis added); *see also Great Lakes Pilotage Rates—2017 Annual Review*, 82 Fed. Reg. 41,466, 41,466 (Apr. 5, 2017).  The Court did not reach whether the weighting factors issue was moot, noting instead in dicta that "whether the weighting-factors issue is moot or not, it has no real practical impact on the outcome of this case." *Great Lakes II*, 301 F. Supp. 3d at 105 n.3.  The Court now determines that the Coast Guard's voluntary consideration of weighting factors in its 2017 rate-setting weighs substantially against Plaintiff's assertion that it prevailed in obtaining a court-ordered change in relationship.  The Coast Guard's 2017 rulemaking is the type of "voluntary change in conduct" that *Buckhannon* renders insufficient to establish a court-ordered change in legal relationship.  532 U.S. at 605; *see also Select Milk Producers*, 400 F.3d at 949 ("If the Government had acted to moot this case through voluntary cessation before there was a judicially sanctioned change in the legal relationship of the parties, [Plaintiffs] would not have been prevailing parties.") (internal quotations omitted).  For those reasons, the remand posed a sufficient court-ordered change with regard only to the benchmark compensation issue.

*b. The Judgment on the Merits Favored Plaintiff*

Turning to the second prevailing party factor, the Plaintiff must show that the Court's judgment in this case "favored" them. *Thomas,* 330 F.3d at 492. To meet this standard, a party need only receive favorable judgment on one important claim. *Burwell*, 126 F. Supp. at 120 ("[I]t is sufficient for a party to prevail on an important matter in the course of litigation, even when that party does not prevail on all issues.") (internal citations omitted).

The final judgment on the merits favored Plaintiff. Though Plaintiff did not receive requested relief at the remedy phase,[5] Plaintiff received a substantial part of the relief sought at the liability phase of litigation when the Court held that the Coast Guard violated the APA because it failed to consider weighting factors and lacked reasoned decision-making behind its 10% rate increase. *Great Lakes I*, 296 F. Supp. 3d 46–52. Plaintiffs initially requested that the Court take four actions: (1) hold the rulemaking unlawful; (2) set aside the 2016 Final Rule; (3)

---

[5] In the original complaint, Plaintiffs requested that the Court:

> (a) Hold unlawful and set aside the Final Rule as arbitrary, capricious, an abuse of discretion, in excess of statutory authority or limitation or short of statutory right, and contrary to procedures required by law;
>
> (b) Remand the subject rulemaking proceeding to the Coast Guard for revision and review consistent with the decision of this Court;
>
> (c) Direct the Coast Guard to reduce immediately 2016 Great Lakes pilotage rates by 20.6 percent to reflect the arithmetic effect of weighting factors on actual revenues in excess of target revenues and to credit in the calculation of future rates the 2016 pilotage fees already paid subject to weighting factors in excess of 1.0;
>
> (d) Award Plaintiffs their costs and reasonable attorneys' fees as appropriate; and
>
> (e) Award Plaintiffs such further and other relief as this Court deems proper.

Compl. ¶¶ 20–21.

remand the rule for reconsideration; and (4) award attorney's fees. Compl. ¶¶ 20–21. Of the three substantive requests, the Court granted the first, holding that the rulemaking procedures violated the APA. *Great Lakes I*, 296 F. Supp. 3d 46–52. Because Plaintiff succeeded on a substantive, important request, and need only prevail on a single important matter, the judgment on the merits favored Plaintiff.

    *c. Plaintiff Did Not Receive Judicial Relief Accompanying the Judicial Pronouncement*

Despite prevailing on the merits, Plaintiff did not obtain judicial relief sufficient to establish prevailing-party status. Under the third and final prevailing party factor, the plaintiff must show that they received judicial relief accompanying the judicial pronouncement in question. *See SecurityPoint*, 836 F.3d at 36. To fulfill this factor, the relief granted must be of a type that the plaintiff "hoped to achieve." *Burwell*, 126 F. Supp. 3d at 121; *see also Buckhannon*, 532 U.S. at 603–04 ("Our respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.") (internal alterations, citation, and quotation marks omitted). As a result, a court's pronouncement on the merits alone is insufficient to fulfill this factor. *Thomas*, 330 F.3d at 489 ("[A] plaintiff is not a 'prevailing party' under a fee-shifting statute simply by virtue of having 'acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by judicial relief.'") (quoting *Buckhannon*, 532 U.S. at 606).

Critically, the Court ultimately did not remand the 2016 rulemaking itself for *reconsideration,* but instead remanded the issue of benchmark compensation for the Coast Guard to provide better justification for its ratemaking methodology "going forward." *Great Lakes II*, 301 F. Supp. 3d at 105. Plaintiff opposed this remedy, asking for more than a "simple remand" that admonished Defendants to "do better next time." *See* Pl.'s Combined Suppl. Reply Br. on

9

Mootness & Remedy & Req. for Oral Hr'g, at 3–5, ECF No. 39. Indeed, directly to the contrary, it was Defendants who supported a remand to the Coast Guard to engage in forward-looking reevaluation of its ratemaking methodology. *See.* Defs.' Suppl. Br. on Mootness & Remedy, at 7, ECF No. 37 ("the only remedy available is to require the Coast Guard to engage in a new notice and comment ratemaking . . . "). Furthermore, this forward-looking remand was not a result originally requested by Plaintiffs in their complaint. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 966 (D.C. Cir. 2004) (explaining that to constitute judicial relief, plaintiff must receive at least "part of what [he] asked the court for in the first place.") (citation omitted). Because the Court granted the relief preferred by Defendant, and explicitly opposed by Plaintiff, the relief granted was not of the type Plaintiff "hoped to achieve," *Burwell*, 126 F. Supp. 3d at 121, and is thus insufficient to fulfill this third prong of the prevailing-party test. Consequently, Plaintiff cannot be considered a prevailing party as required under the EAJA, and the Court's analysis need not proceed any further.[6]

\* \* \*

---

[6] Plaintiff asserts that under *SecurityPoint*, the fact that it achieved a "remand terminating the case and requiring further administrative proceedings in light of agency error" is enough for it to be considered a prevailing party. Pl.'s Reply at 10 (citing *SecurityPoint,* 836 F.3d at 39). But Plaintiffs misunderstand the focus of *SecurityPoint's* analysis. In *SecurityPoint*, the court sought to determine whether the first requirement of the three-part prevailing party test was satisfied, *i.e.*, whether a court-ordered change in the legal relationship of the parties had occurred. *SecurityPoint,* 836 F.3d at 36. As this Court has already discussed, a remand requiring further administrative proceedings due to agency error satisfies this factor. *See supra* Section III.A.1.a. But the third requirement at issue here—concerning whether judicial relief was awarded—had in *SecurityPoint* already been determined to be "clearly satisfie[d]" by the court's previous vacatur of the order at issue. *Id.* As no vacatur occurred in this case, Plaintiff's argument is unavailing.

10

The EAJA requires that a party "prevail" to obtain attorney's fees. 28 U.S.C. § 2412(a)(1). Because Plaintiff did not prevail on either the benchmark compensation or weighting factor issues under the applicable three-part test, the Court concludes that Plaintiff is not eligible for an award under the EAJA. The Court therefore denies Plaintiff's motion for fees and expenses in full.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Fees and Expenses (ECF No. 46) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 9, 2021                                           RUDOLPH CONTRERAS
                                                               United States District Judge